NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 11, 2009
Decided February 11, 2009

**Before**

RICHARD A. POSNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 08-3391

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>    *Plaintiff-Appellee,* <br><br> v. <br><br> DAVID JACOBS, <br>    *Defendant-Appellant*. | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. <br><br> No. 07 CR 527 - 1 <br><br> Ronald A. Guzmán, <br> *Judge*. |

**O R D E R**

In 2008 David Jacobs pleaded guilty to disposing of hazardous waste without a permit and embezzling funds from an employee benefit plan. *See* 18 U.S.C. § 664; 42 U.S.C. § 6928(d)(2)(A). The district court sentenced him to concurrent terms of 46 months' imprisonment. Jacobs filed a notice of appeal, but his appointed counsel now moves to withdraw on the ground that he cannot find a nonfrivolous basis for appeal. *See Anders v. California*, 386 U.S. 738 (1967). Jacobs declined our invitation to comment on counsel's motion, *see* Cir. R. 51(b), and therefore our review is limited to the potential issue raised by counsel in his supporting brief, *see United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel does not explore whether Jacobs could argue that his guilty plea was not knowing and voluntary. That omission is appropriate, however, given that Jacobs has not indicated that he wishes to withdraw his plea. *See United States v. Knox*, 287 F.3d 667, 670-71 (7th Cir. 2002).

The sole issue that counsel considers is whether Jacobs could challenge the reasonableness of his sentence. But sentences within the correctly calculated guidelines range are presumptively reasonable on appeal. *See Rita v. United States*, 127 S.Ct. 2456, 2462-65 (2007); *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). The only other requirement for a district court looking to impose a sentence within the advisory guidelines range is some meaningful consideration of the sentencing factors found in 18 U.S.C. § 3553(a). *See United States v. Laufle,* 433 F.3d 981, 987 (7th Cir. 2006). Here, as counsel notes, the district court correctly calculated the guidelines range, considered the § 3553(a) factors, and sentenced Jacobs at the middle of the advisory guidelines range of 41 to 51 months. The court noted the seriousness of both of Jacobs's offenses, observing, moreover, that "this was not a one-time occurrence." The court also emphasized the need to deter corporate officers from misappropriating employee funds. That is explanation enough, and any argument to the contrary would be frivolous.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.